## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **DIANA S. JURGENS** and **MEGHAN SCHROCK**, individually and on behalf of others similarly situated, | ) ) ) | Case No.: 1:22-cv-1524 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CLASS AND COLLECTIVE ACTION** |
| vs. | ) | **COMPLAINT** |
| | ) | |
| **HENDRICKS REGIONAL HEALTH**, | ) | |
| | ) | |
| Defendants. | ) | |

### *PLAINTIFFS' COMBINED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES*

Come now Plaintiffs Diana S. Jurgens ("Jurgens") and Meghan Schrock ("Schrock"), by counsel, and for their Rule 23(b)(3) Class Action and FLSA Collective Action Complaint against the Defendant Hendricks Regional Health ("Hendricks"), allege and say:

### I. STATEMENT OF THE CASE

Jurgens and Schrock bring this class and collective action lawsuit against Hendricks to address class-wide wage and hour violations committed by Hendricks against its hourly-paid employees. Jurgens will serve as representative for the FLSA collective action. Schrock will serve as both FLSA collective action representative and Rule 23 class representative for unpaid wage claims brought under the Indiana Wage Payment Statute.

Specifically, Hendricks is and has been underpaying its hourly-paid employees' wages and overtime on a systematic, class-wide basis as a result of a series of employer-favoring rules and illegal time card rounding. Those illegal practices include a hospital rule that requires all hourly-paid employees who wear scrubs for work to report to work early, travel to a work locker

1

room and change into hospital-provided scrubs before the employee is allowed to clock in for work and can begin receiving hourly paid wages. All of the changing time before work is unpaid time. Additionally, Hendricks created a rule that hourly paid employees may not clock in to work and receive pay more than three (3) minutes prior to the employee's scheduled shift start time and the employee must quickly travel to work areas and be in her work area at or before her scheduled work time. Moreover, Hendricks created an additional rule that employees will be punished if they clock in to work even one (1) minute beyond a scheduled work shift time, which favors Hendricks and guarantees that all time clock usage cheats employees out of compensable work time Finally, employees are required to walk back to the employee locker room at the end of each shift and clock out before changing out of hospital-provided scrubs back into the employee's own street clothes.

Jurgens and Schrock estimate that each spent ten to fifteen (10 - 15) or more unpaid work minutes on Hendricks' required clothes changing and travel time each shift, which is substantially more than the mere 3-minutes provided. Some of the unpaid work hours were overtime hours. Hendricks uses electronic time clocks that utilize time clock software. All of Hendricks' rules for time clock usage and programming of its own time clock software are rigged to favor Hendricks and to cheat Hendricks' hourly paid employees of compensable work hours.

## II. FACTUAL ALLEGATIONS

1.    Jurgens is a resident of the State of Indiana, and is domiciled in Cloverdale, Putnam County, Indiana.  Jurgens is a Registered Nurse and has earned a Master's Degree. Jurgens was hired by Hendricks to work as a nurse to work in a position Hendricks called Operating Room Circulator. Jurgens was terminated involuntarily on January 7, 2022 after a

medical leave. At all times during her employment with Hendricks, Jurgens was paid wages on an hourly basis and treated as a non-exempt employee. Her highest hourly rate of pay appears to have been $47.59 per hour.

2.      Schrock is a resident of the State of Indiana, and is domiciled in Avon, Hendricks County, Indiana. Schrock is a Registered Nurse. Schrock was hired by Hendricks in approximately August 2020 to work as a nurse to work in a position Hendricks called Operating Room Circulator. Schrock voluntarily resigned from employment in June 2022. At all times during her employment with Hendricks, Schrock was paid wages on an hourly basis and treated as a non-exempt employee. Her highest hourly rate of pay appears to have been $38.75 per hour.

3.      Hendricks has a number of health facilities, including hospitals, medical offices and surgery centers located in Hendricks County, Indiana. It is believed to employ more than 2,000 people at any given time.

4.      Specifically, Hendricks is and has been underpaying its hourly-paid employees' wages and overtime on a systematic, class-wide basis as a result of a series of employer-favoring rules and illegal time card rounding. These employer favoring rules and time rounding schemes specifically harmed Jurgens and Schrock, as well as other similarly situated hourly employees.

5.      Hendricks illegal wage practices included a hospital rule that requires all hourly-paid employees who wear scrubs for work to report to work early, travel to a work locker room and change from street clothes into hospital-provided scrubs before the employee is allowed to clock in for work and can begin receiving hourly paid wages. All of the pre-shift changing time is work time required by Hendricks as a condition of employment and all of this changing time is treated by Hendricks as unpaid time. Jurgens and Schrock lost an estimated ten to fifteen (10 -

15) or more minutes of compensable work time each work shift as a product of complying with Hendricks' work rules about clothes changing, locker room use and time clock use rules.

6.     Additionally, Hendricks created a rule that hourly paid employees may not clock in to work and receive pay more than three (3) minutes prior to the employee's scheduled shift start time and the employee must quickly travel to work areas and be in her work area at or before her scheduled work time. Moreover, Hendricks created an additional rule that favors it and guarantees that all time clock use favors Hendricks and cheats employees out of compensable work time by telling employees they will be punished if they clock in to work even one (1) minute beyond a scheduled work shift time. These time clock use rules applied to Jurgens and Schrock and resulted in additional unpaid work hours and overtime that Jurgens and Schrock worked for Hendricks.

7.     Finally, employees are required to walk back to the employee locker room at the end of each shift, clock out in the locker room, and change from hospital-provided scrubs back into the employee's own street clothes.

8.     As stated above, Jurgens and Schrock estimate that each spent ten to fifteen (10 - 15) or more unpaid work minutes on Hendricks' required clothes changing and travel time each shift. Some of the unpaid work hours were overtime hours. Hendricks uses electronic time clocks that utilize time clock software. All of Hendricks' rules for time clock usage and programming of its own time clock software are rigged to favor Hendricks and to cheat Hendricks' hourly paid employees of compensable work hours.

9.     Specifically, the time it takes to travel to and from locker rooms, to and from work areas and time spent changing into Hendricks-mandated and Hendricks-provided scrubs takes far, far more than three (3) minutes' time and could not be completed in three (3) minutes'

time. Again, as stated above, Jurgens and Schrock estimate that each spent ten to fifteen (10 - 15) or more unpaid work minutes on Hendricks' required clothes changing and travel time each shift. Some of the unpaid work hours were overtime hours.

10.    Based upon information and belief, Hendricks violates the FLSA and Indiana law by failing to record Jurgens,' Schrock's and all hourly paid employees' time spent in locker rooms and locker room travel related to Hendricks' work rule that requires employees to wear Hendricks-provided scrubs, change in locker rooms, and clock in after changing coupled with travel time to and from work areas.

10.    Hendricks has created a series of disciplinary rules and has rigged its time keeping system such that Hendricks pays its employees for significantly less than their full time worked.

11.    Based upon these long-standing policies and rules, Hendricks has been systematically underpaying its employees significant sums of wages on a daily basis (on a shift by shift basis).  The aggregate sum of unpaid wages and unpaid overtime for all employees based upon Hendricks' non-neutral (and self-serving) time clock rules, clothes changing policies and rounding policies is very substantial on a daily, weekly, and an annual basis. All of Hendricks rules, including clothes changing rules, time clock use policies, and time clock software rounding are rigged to always benefit Hendricks and always harm employees, meaning, always pay employees for less work time than actually worked.

12.    By way of example, an employer violates the Fair Labor Standards Act ("FLSA") if it creates a policy that allows time rounding when it benefits the employer, but results in discipline to the employee if rounding would not work to the employer's advantage.

13.    Jurgens and Schrock were actually harmed and underpaid wages and overtime

based upon Hendricks' implementation of its unlawful wage practices as described herein.

14.     To provide a more specific example of Hendricks' illegal wage policies, Jurgens would use her March 26, 2021 pay stub. The pay stub covered Jurgens' two week pay period from March 13, 2021 to March 26, 2021. During one of those two weeks, Jurgens worked more than forty (40) hours and was paid a small amount of overtime, for 0.78 hours. During both of those work weeks, Hendricks cheated Jurgens out of wages for fifteen (15) or more minutes per work shift, particularly based upon the unpaid locker room time changing into required Hendricks-provided scrubs, compliance with the time clock rules and rules requiring physical presence at Jurgens' work station by scheduled shift time.  In the two week period, Jurgens was underpaid for at least 2.0 hours that she actually worked. In one of her work weeks, Jurgens was underpaid overtime for at least 1.0 hours. At the time, Jurgens' base hourly rate was $43.59 per hour.  At her regular rate, Jurgens was underpaid by at least $87.18 (2.0 hours x $43.59). In the one work week with more than 40 hours worked, Jurgens was owed unpaid overtime of at least $65.39 (1.0 hour x $43.59 x 1.5).  With liquidated damages applied under the Indiana Wage Payment Statute, Jurgens is owed as much as $261.54 in this single pay period.  Under the FLSA, the one week's unpaid overtime damages with added liquidated damages will be $130.78.

15.     Similar to the example in the paragraph immediately above, Jurgens and Schrock will each be owed damages for unpaid wages and overtime for every shift in every work week each worked.

16.     Based upon information and belief, Plaintiffs conservatively estimate that Hendricks applied its unlawful wage practices, as described herein, to the wages owed to 1,500 or more hourly paid Hendricks employees.  Plaintiffs estimate that Hendricks has rounded its employees' time records and failed to pay for work time (e.g., changing into scrubs) in its own

favor to such a degree that Hendricks failed to pay its employees for tens of thousands of hours

of work performed. Plaintiffs estimate that Hendricks will owe a class-wide, cumulative total of

at least several million dollars in damages under the Indiana Wage Payment Statute based upon

its systematic underpayment of wages caused by these illegal rules and policies.

17.     With respect to the collective action claims for unpaid overtime under the FLSA,

based upon information and belief, Plaintiffs conservatively estimate that Hendricks applied its

unlawful wage rules and policies to 1,000 or more employees who worked hours in excess of

forty (40) in one or more work week, causing unpaid overtime violations. Plaintiffs will need

discovery to determine the number of weeks that FLSA opt-in Plaintiffs worked overtime hours

and were subjected to illegal time rounding to estimate monetary damages.

18.     Hendricks has intentionally, knowingly, with reckless disregard and

systematically violated its employees' rights to earned wages through Hendricks' illegal wage

rules and practices. Hendricks has intentionally, knowingly, with reckless disregard and

systematically violated Jurgens,' Schrock's and all similarly situated employees' rights to be

paid earned wages and to be paid earned overtime compensation. Hendricks deliberately and

intentionally implemented a series of clothes changing, time clock use, and time card rounding

system in order to pay less in wages to its employees than it owed its employees.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiffs incorporate herein by reference paragraphs 1 - 18 above.

20.     This Complaint is brought as a collective action and as a class action on behalf of

other current and former Hendricks hourly-paid employees who were similarly denied payment

of wages and overtime compensation under Hendricks' compensation scheme that involved the

requirement that employees change into scrubs provided by Hendricks in a Hendricks' locker

room but were not paid, who were subject to Hendricks' self serving and one sided time clock use rules and Hendricks' time clock rounding schemes.

21.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Plaintiffs and all of Hendricks current and former hourly-paid employees who were damaged by Hendricks' compensation system which required and resulted in substantial uncompensated work by Hendricks' employees.  By virtue of the "collective action," Plaintiffs represent the identical and/or similar interests of former and current hourly-paid coworkers denied wages and overtime compensation under the same circumstance.  Plaintiffs anticipate that other Hendricks employees and former employees will opt in to the action.

22.     With respect to FRCP 23(b)(3) class action claims, Schrock will serve as class representative over the following class:

> Schrock will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute.  This Court has supplemental jurisdiction over Plaintiff Schrock's Indiana statutory wage claims.  This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Schrock and on behalf of all eligible Hendricks current and former hourly-paid employees (who voluntarily resigned) who were damaged by Hendricks' compensation system which set a series of rules regarding required, but unpaid, work time (e.g., unpaid time changing into hospital-provided scrubs), time clock use rules that could only benefit Hendricks, and time clock rounding schemes and disciplinary rules that could only benefit Hendricks. Hendricks' application of these wage schemes and rules worked to Hendricks' advantage and its employees' detriment and resulted in uncompensated work performed by the hourly-paid employees.  By virtue of the class action, Schrock represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

23.     The number of Hendricks' current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical.  Instead, Plaintiffs will pursue discovery to obtain the names of the other current and

former Hendricks employees, to provide notice of the collective action, and to offer the opt-in opportunity, and to provide notice of the class action and to offer the opt-out opportunity.

24.    Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

25.    Jurgens' and Schrock's claims are typical of the claims of the whole collective group of current and former hourly-paid employees harmed by Hendricks' illegal wage practices. Plaintiffs' claims are typical of the claims of the whole class of current and former Hendricks hourly-paid employees harmed by Hendricks' illegal wage practices.

26.    Jurgens and Schrock will act to fairly and adequately protect the interests of the entire collective group of current and former Hendricks employees. Schrock will act to fairly and adequately protect the interests of the entire class of current and former Hendricks employees.

27.    A "combined" collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Hendricks.  For example, to prove Hendricks' illegal wage practices, Jurgens, Schrock and other members of this collective group/class would seek in discovery records about all similarly situated current and former Hendricks employees who were similarly denied earned wages and overtime compensation under Hendrick's illegal wage practices, all of which harmed hourly-paid employees.  Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds.  Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

28.    A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost

effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

29.    A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

30.    Because Hendricks' compensation system which required and resulted in uncompensated work by hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV. JURISDICTION AND VENUE

31.    This Court has jurisdiction over Jurgens' and Schrock's FLSA claims under 28 USC § 1331 as those FLSA claims raise a question of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Jurgens' and Schrock's Indiana law claims, which have a common basis in fact with their own and the other Plaintiff class members' FLSA claims.

32.    This Court is the appropriate venue for this cause of action as Jurgens and Schrock worked for Hendricks in Hendricks County, Indiana and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

### V. STATEMENT OF CLAIMS

#### A. Fair Labor Standards Act Claims

33.    Jurgens and Schrock incorporate herein by reference paragraphs 1 through 32 above.

34.    Hendricks is an "enterprise" and/or a "public agency" as those terms are defined by the FLSA, and Hendricks is covered by the overtime and minimum wage provisions of the FLSA.  Hendricks is an "employer," as that term is defined by the FLSA.  Finally, Hendricks is a "person" as that term is defined by the FLSA.

35.    Hendricks has violated Jurgens' and Schrock's rights and the rights of all members of the Plaintiff Collective to be properly paid overtime wages in a manner required by the FLSA. Hendricks has committed repeat overtime violations by failing to pay Jurgens, Schrock and their similarly situated coworkers for all hours of work.

36.    Hendricks has repeatedly violated the FLSA's overtime provisions by not paying Jurgens, Schrock and members of the Plaintiff Collective at the required overtime compensation rate for all hours worked over 40 in a work week.

37.    Hendricks' failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Hendricks to a three year statute of limitations.

38.    Jurgens, Schrock and the Plaintiff Collective seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Hendricks' violations of their rights under the Fair Labor Standards Act.

### B.  Indiana Wage Payment Statute Claims

39.    Schrock incorporates herein by reference paragraphs 1 through 38 above.

40.     Schrock has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5 and she is the Plaintiff who represents the same or similar interests of all current Hendricks hourly-paid employees and all of Hendricks' former hourly-paid employees who voluntarily resigned from employment.

41.     By way of this claim, Schrock is seeking, individually and on behalf of members of the Plaintiff Class of current and former Hendricks employees, all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Schrock and her fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-5-2, Schrock is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

### C.  Jurgens' Individual Indiana Wage Claims Statute Claims

42.     Jurgens incorporates herein by reference paragraphs 1 through 41 above.

43.     Jurgens was involuntarily terminated from employment by Hendricks.  As such, Jurgens' wage claims to recover unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9.  Jurgens obtained a letter from the Indiana Attorney General's Office dated June 20, 2022 which permits her attorney to file this wage claim on Jurgens' behalf as the Indiana Attorney General's "designee."  To the extent she cannot do so in a class action context, Jurgens is still pursuing any and all claims for damages under the Indiana Wage Claims Statute, I.C. 22-2-9, to recover to recover all unpaid and underpaid wages.

44.     By way of this Claim, Jurgens is seeking all available damages, including all unpaid wages, all underpaid wages, any available liquidated, punitive and/or treble damages, all

attorney's fees, costs and expenses, plus any other damage to which Jurgens may be entitled pursuant to law.  Pursuant to I.C. 22-2-9-4, which incorporates I.C. 22-2-5-2, Jurgens is seeking payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Jurgens and Schrock respectfully request that the Court enter judgment against Hendricks Regional Health, and issue all available relief to them and to all eligible members of the Plaintiff Collective and Class, including, but not limited to, the following:

1.  All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2.  All unpaid, underpaid and/or illegally rounded wages;

3.  All statutory damages under I.C. 22-2-5-2, including, but not limited to, all unpaid wages, all liquidated damages, costs, and attorney's fees;

4.  To Jurgens individually, all statutory damages under I.C. 22-2-9, including, but not limited to, all unpaid wages, liquidated damages, costs, and attorney's fees;

5.  All reasonable attorney's fees and expenses;

6.  Costs;

7.  Prejudgment interest, if available; and

8.  Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By /s/ Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com

Hans A. Nilges (0076017)
**NILGES DRAHER LLC**
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
**NILGES DRAHER LLC**
1360 E 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com