IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA S. JURGENS and MEGHAN SCHROCK, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HENDRICKS REGIONAL HEALTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.: 1-22-cv-1524-MG-CSW<br>)<br>)<br>)<br>) |

## FINAL ORDER APPROVING CLASS AND FLSA COLLECTIVE ACTION SETTLEMENT AGREEMENT AND CLASS COUNSEL FEES

The Court held a Fairness Hearing in this matter and a hearing on the Plaintiff's Memorandum in Support of Joint Motion for Order Conditionally Certifying FLSA Collective Action and Rule 23 Class Action [Filing 55] and Motion for Approval of Class Counsel Fees [Filing No. 66] on January 19, 2024 in Indianapolis, Indiana. Plaintiffs Diana S. Jurgens and Meghan Schrock were present by counsel Robert P. Kondras, Jr. Defendant Hendricks Regional Health ("Hendricks") was represented by counsel Dana E. Stutzman and Claire E. Bailey.

The settlement in this matter encompassed claims brought by collective action under the Fair Labor Standards Act ("FLSA"), and by Fed. R. Civ. P. 23 class under the Indiana Wage Payment Act ("IWPA"). The parties presented arguments regarding final approval of the settlement, including the number of class members who submitted FLSA claim forms and the number of Rule 23 opt-outs details regarding the payments that will be made to members of the collective action and the class actions, and the amount of attorneys' fees and costs sought by the Plaintiffs' counsel. Plaintiffs' counsel moved for final approval of the Settlement Agreement.

1

For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees. [Filing No. 66.] The Court further **GRANTS** final approval of the parties' Class Action and FLSA Collective Action Settlement Agreement [Filing No. 55-2] which the Court preliminarily approved on September 28, 2023. [Filing No. 56.]

FLSA Collective Action Settlement Agreements must be approved by the Court. 29 U.S.C. § 216(b)-(c); see also *Warren v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). "Normally, a settlement is approved where it is the result of 'contentious arm's length negotiations, which are undertaken in good faith by counsel…and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010). The Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* The following factors should be considered:

> (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

Settlement of class claims brought under Fed. R. Civ. P. 23 may be approved if the Court finds the settlement to be "fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit Court of Appeals has characterized the Court's role as that of a fiduciary to the class members in considering whether a settlement is fair and reasonable. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014).

After reviewing the Settlement Agreement and Plan of Allocation, and considering the information presented by counsel at the hearing and through the Motions [Filing Nos. 55 and 66], the Court find the settlement in this matter was reached in good faith and at arm's length and is a reasonable compromise of the vigorously disputed issues in this case. Along with findings made on the record, the Court notes the following:

- Plaintiffs' counsel was diligent, and used all reasonable efforts in attempting to locate class members;
- The response rate to the notices that were sent to the FLSA collective action members, and the Rule 23 class members, indicates that the method of notice was effective;
- No individuals filed objections to settlement;
- The total settlement amount paid was the result of extensive negotiations between the parties, and the average amount is reasonably close to the maximum average amount each individual could obtain if the cases were litigated individually;
- The fees and costs Plaintiffs' counsel will receive under the Settlement Agreement are consistent with the contract between Plaintiffs' counsel and his clients and are fair and reasonable, based on the amount of work counsel undertook in this litigation, a reasonable hourly rate, and the amount of fees and costs actually incurred; and
- The parties have negotiated the amount of attorneys' fees so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 're-creates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc*., 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")).

In sum, the Court **GRANTS** Plaintiffs' Motion for Approval of Class Counsel Fees [Filing No. 66] and gives **FINAL APPROVAL** of the Parties' Settlement Agreement [Filing No. 55-2] as a fair and reasonable compromise of a bona fide dispute.

Date: 2/1/2024

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**